WELLER'S, INCORPORATED, RESPONDENT, v. RUSSELL W. APPLEGATE, APPELLANT.

Submitted October 13, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Henry H. Patterson.*

For the respondent, *Edwin P. Longstreet.*

The opinion of the court was delivered by

LLOYD, J.   The action in this case was for an unpaid balance alleged to be due on the sale of a refrigerator on a conditional sales contract, and the defense was that after the delivery, the refrigerator not working properly, the plaintiff agreed to take it back and in its place substitute another and new refrigerator on which agreement the defendant made a first payment of $9.10.   On the sale of the first an allowance of $20 had been made for a defect, and when it came to fulfilling the new bargain the seller refused to deliver the substituted refrigerator unless the defendant would either pay an additional $20 or permit the defective strip on the refrigerator already delivered to be placed on the substituted refrigerator.   This the defendant would not consent to and denied the making of any agreement to that effect.   The result was that the first delivered machine was taken out by the seller and sold for $25 and this amount credited on the price and the present action brought for the balance.   There was a verdict of the jury in favor of the plaintiff by direction of the trial judge, and exception taken to this direction, and the present appeal is based on this ruling, which alone is complained of.

While the original contract provided that no other agreement should limit or qualify its terms this did not preclude the parties from making a new agreement.   *Denoth* v. *Carter,* 85 *N. J. L.* 95.

The question presented is one of consideration and we have briefs with innumerable authorities cited as supporting the respective contentions.   Boiled down to its simplest elements according to the proofs as exhibited by the appellant, there was a conditional sale of a specified article the terms of which were not complied with by the purchaser, dissatisfac-

tion of the purchaser with the article sold and an agreement between the parties that the old article should be surrendered and a new one substituted in its place, the original contract price to continue with the purchaser making a down payment on the new.

It is argued by the respondent that the default in payment under the first contract entitled the plaintiff to seize the refrigerator and sell it, crediting the purchaser with its price; that the seller's right to the balance of the purchase price still remained; and that the agreement to exchange refreigerators was, therefore, without consideration in that the seller was getting for its new refrigerator nothing that it was not already entitled to take.

The vice of this argument lies in the fact that it fails to recognize that the seller could waive the default and treat the contract as continuing. If, after the default, it permitted the refrigerator to remain in the possession of the purchaser and then accepted payments on the contract price, no one would contend that this did not constitute a waiver of the right to enforce its original agreement. Just so as a contract to exchange a refrigerator which the seller had in its possession, whether old or new, for the one originally sold and still in the possession of the buyer with a down payment on the new would properly, we think, constitute a waiver of the right to enforce the original contract. It matters not whether the waiver is effected by receipt of a payment on account of the original contract price or by a new agreement recognizing the continued interest of the purchaser. Either way it constituted a recognition of the binding force of the first sales contract, and the property of the purchaser in the article first sold.

The judgment is reversed, and a trial *de novo* awarded.